**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WANDA MARIE COHILL,

        Plaintiff-Appellant,

  v.

OCWEN LOAN SERVICING LLC,

        Defendant-Appellee.

No. 20-15483

D.C. No. 2:17-cv-02479-JCM-EJY

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted April 20, 2021[**]

Before:  THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Wanda Marie Cohill appeals pro se from the district court's judgment dismissing her diversity action arising out of foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claim. *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015). We affirm.

The district court properly dismissed Cohill's action because Cohill failed to allege facts sufficient to state a plausible claim. *See* Nev. Rev. Stat. § 11.190(3)(d)-(e) (three-year statute of limitations for misrepresentation claims); *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 899 (9th Cir. 2013) (elements of breach of contract claim under Nevada law); *Wood v. Germann*, 331 P.3d 859, 861-862 (Nev. 2014) (holding that, under Nevada law, homeowner lacked standing to challenge an assignment of a deed of trust as a non-party to the pooling service agreement); *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 923 (Nev. 1991) (elements of implied covenant of good faith and fair dealing claim under Nevada law); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

We reject as without merit Cohill's contention that the district judge was biased against her.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**